UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL PATRON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLIFTON POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Civil Action No. 18-17454 (CCC)<br><br>OPINION AND ORDER |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Carl Patron for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [ECF No. 27]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 27] is **DENIED**.

On December 27, 2018, Plaintiff filed a Complaint and an application to proceed *in forma pauperis* in this action. ECF No. 1. The Court granted Plaintiff's *in forma pauperis* application and ordered the Clerk of Court to file Plaintiff's Complaint. ECF No. 2. Defendants have all answered or otherwise responded to Plaintiff's Complaint. *See* ECF Nos. 6, 7, 8, 9, 10, 11, 14, 16, 18, 20, 24, 29]. Plaintiff's claims in this action arise from alleged civil rights violations when Plaintiff was arrested by Defendants. *See* ECF No. 1.

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint *pro bono* counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the

1

action arguably has merit, it should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses; and
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

Presently, as an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's application for *pro bono* counsel states that he does not "understand to [sic] much of law and there is a lot with this case." ECF No. 27 at p. 3. Plaintiff, however, fails to

explain how this will affect his ability to present his case. Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, an application to proceed *in forma pauperis*, and a motion for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is able to present his case. Plaintiff does not address the remaining *Tabron* factors; however, it appears that the legal issues are not complex, and that no extensive factual investigation will be required. The parties are still engaged in the written discovery process so it is also premature to consider expert testimony and the likelihood the case will turn on credibility determinations. While the sixth *Tabron* factor may weigh slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment. In the event that Plaintiff renews his application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this **21ˢᵗ** day of **July, 2021**,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 27] is **DENIED WITHOUT PREJUDICE**.

                                                    s/ James B. Clark, III
                                                    **JAMES B. CLARK, III**
                                                    **United States Magistrate Judge**